MICHAEL BAILEY
United States Attorney
District of Arizona
GORDON E. DAVENPORT, III
RYAN J. ELLERSICK
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: gordon.davenport.iii@usdoj.gov
Email: ryan.ellersick3@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED ___
RECEIVED ___ COPY ___

FEB 2 7 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | 4:18-cr-02068-RM-EJM |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Jose Rosalio Fuentes, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1.      The defendant agrees to plead guilty to Count Two of the Indictment charging 18 U.S.C. § 201(b)(2), Bribery of a Public Official. Count One will be dismissed at sentencing.

2.      ### Elements of the Offense

a.      First, the defendant was a public official;

b.      Second, the defendant agreed to receive something of value, in return for being induced to do or omit to do any act in violation of the defendant's official duties; and

c.      Third, the defendant acted corruptly, that is, intending to be influenced in the performance of an official act or to do an act in violation of his official duties.

Maximum Penalties

3.      The defendant understands that the maximum penalties to the offenses to which he is pleading are as follows

a.      A. fine of $250,0000.00 or three times the amount of the thing of value and a maximum term of 15 years imprisonment. Further, the defendant may be disqualified from holding any office of honor, trust, or profit under the United States.

4.      The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5.      Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent.

6.      The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

STIPULATIONS, TERMS AND AGREEMENTS

Agreements Regarding Sentencing

7.      Guideline Calculations: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under Title 18, United

- 2 -

1  States Code, Section 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R.

2  Crim. P., the parties stipulate and agree that the following guideline calculations are

3  appropriate for the charge for which the defendant is pleading guilty:

4      Base Offense Level        2C1.1        14

5      Value of Payment        2C1.1 (b)(2)    +0[1]

6      High Level Decision Maker    2C1.1 (b)(3)    +4

7      Public Official Facilitate Entry    2C1.1 (b)(4)    +2

8      Acceptance of Responsibility    3E1.1(a) & (b)    -3

9      Total Adjusted Offense Level:        17 (CH I: 24 - 30m)

10      8.    **The defendant may withdraw from the plea agreement if he receives a**

11  **sentence in excess of 36 months**. The parties further stipulate to a fine of at least $6,000.

12      9.    If the defendant moves for any adjustments in Chapters Two, Three or Four

13  of the Sentencing Guidelines, any "departures" from the Sentencing Guidelines, the

14  government may withdraw from this agreement. (With the exception of a mitigating role

15  adjustment under U.S.S.G. § 3B1.2).

16      10.    If the defendant argues for a variance under 18 U.S.S.C. §3553(a) in support

17  of a sentence request below the stipulated ranges in this agreement, the government may

18  oppose the requested variance.  The government will not withdraw from the agreement if

19  the defendant argues for a variance below the stipulated range this in this agreement or if

20  the court grants such a variance.

21      11.    The defendant understands that if the defendant violates any of the conditions

22  of the defendant's supervised release, the supervised release may be revoked.  Upon such

23  revocation, notwithstanding any other provision of this agreement, the defendant may be

24  required to serve a term of imprisonment or the defendant's sentence may otherwise be

25  altered.

26

27  _____

28      [1] As a part of the plea, the parties stipulate to a value based on the amount of the bribe, $6,000.

- 3 -

12.     The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

13.     The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

14.     If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

Forfeiture

15.     Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

Waiver of Defenses and Appeal Rights

16.     The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is 36 months or less imprisonment. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section

- 4 -

1   3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a

2   requested variance; (4) any right to collaterally attack defendant's conviction and sentence

3   under Title 28, United States Code, Section 2255, or any other collateral attack; and (5)

4   any right to file a motion for modification of sentence, including under Title 18, United

5   States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in

6   the dismissal of any appeal or collateral attack the defendant might file challenging his/her

7   conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas

8   petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion

9   of the government, be remanded to the district court to determine whether defendant is in

10   breach of this agreement and, if so, to permit the government to withdraw from the plea

11   agreement.  This waiver shall not be construed to bar an otherwise-preserved claim of

12   ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined

13   by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

14                                   Reinstitution of Prosecution

15       17.    Nothings in this agreement shall be construed to protect the defendant in any

16   way from prosecution for perjury, false declaration or false statement, or any other offense

17   committed by the defendant after the date of this agreement.  In addition, if the defendant

18   commits any criminal offense between the date of this agreement and the date of

19   sentencing, the government will have the right to withdraw from this agreement.  Any

20   information, statements, documents and evidence which the defendant provides to the

21   United States pursuant to this agreement may be used against the defendant in all such

22   proceedings. Absence those exceptions, the government agrees to not seek prosecution on

23   any other matters it has knowledge of.

24       If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

25   court in a later proceeding, the government will be free to prosecute the defendant for all

26   charges as to which it has knowledge, and any charges that have been dismissed because

27   of this plea agreement will be automatically reinstated.  In such event, the defendant waives

28   any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth

1    Amendment to the Constitution as to the delay occasioned by the later proceedings.

2    Defendant agrees that the stipulated sentencing range set forth under "Agreements

3    Regarding Sentence" will not be offered if prosecution is re-instituted.

4                                   Plea Addendum

5           18.    This written plea agreement, and any written addenda filed as attachments to

6    this plea agreement, contain all the terms and conditions of the plea. Any additional

7    agreements, if any such agreements exist, shall be recorded in a separate document and

8    may be filed with the Court under seal. Accordingly, additional agreements, if any, may

9    not be in the public record.

10           WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

11                                  Waiver of Rights

12          I have read each of the provisions of the entire plea agreement with the assistance

13   of counsel and understand its provisions.  I have discussed the case and my constitutional

14   and other rights with my attorney.  I understand that by entering my plea of guilty I will be

15   giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and

16   compel the attendance of witnesses; to present evidence in my defense; to remain silent

17   and refuse to be a witness against myself by asserting my privilege against self-

18   incrimination; all with the assistance of counsel; to be presumed innocent until proven

19   guilty beyond a reasonable doubt; and to appeal.

20          I agree to enter my guilty plea as indicated above on the terms and conditions set

21   forth in this agreement.

22          I have been advised by my attorney of the nature of the charge to which I am entering

23   my guilty plea.  I have been advised by my attorney of the nature and range of the possible

24   sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the

25   sentence the court imposes.

26          My guilty plea is not the result of force, threats, assurance or promises other than

27   the promises contained in this agreement.  I agree to the provisions of this agreement as a

28   voluntary act on my part, rather than at the direction of or because of the recommendation

- 6 -

1  of any other person, and I agree to be bound according to its provisions.  I agree that any
2  Sentencing Guidelines range referred to herein or discussed with my attorney is not binding
3  on the Court and is merely an estimate.

4      I agree that this written plea agreement contains all the terms and conditions of my
5  plea and that promises made by anyone (including my attorney) that are not contained
6  within this written plea agreement are without force and effect and are null and void.

7      I am satisfied that my defense attorney has represented me in a competent manner.

8      I am not now on or under the influence of any drug, medication, liquor, or other
9  intoxicant or depressant, which would impair my ability to fully understand the terms and
10  conditions of this plea agreement.

11                    Factual Basis and Relevant Conduct

12      I further agree that the following facts accurately describe my conduct in connection
13  with the offense to which I am pleading guilty and that if this matter were to proceed to
14  trial the government could prove the elements of the offense beyond a reasonable doubt:

15
16      On February 12, 2018, I, **Jose Rosalio Fuentes**, at the time, a
        Customs and Border Protection Officer with the Department of
17      Homeland Security, did receive $6,000 cash for being induced
        to violate my official duty, by intentionally not inspecting and
18      interdicting  Individual-1, a person who did not have legal
        authorization to enter the United States. I admit that it was my
19      official duty to inspect individuals who enter the United States.
        I further admit that it was my official duty to interdict any
20      individual who attempted to enter without authorization or
21      permission.

22
23  02/25/2020          
    Date                Jose Rosalio Fuentes
24                      Defendant

25              DEFENSE ATTORNEY'S APPROVAL

26      I have discussed this case and the plea agreement with my client in detail and have
27  advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the
28  constitutional and other rights of an accused, the factual basis for and the nature of the

- 7 -

1  offense to which the guilty plea will be entered, possible defenses, and the consequences
2  of the guilty plea, including the defendant's waiver the right to appeal.  No assurances,
3  promises, or representations have been given to me or to the defendant by the government
4  or by any of its representatives which are not contained in this written agreement.  I concur
5  in the entry of the plea as indicated above and on the terms and conditions set forth in this
6  agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure
7  that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R.
8  Crim. P.

9  2-25-20

10  _____               _____
    Date                                   Sean Christopher Chapman
11                                          Attorney for Defendant

12                      GOVERNMENT'S APPROVAL

13         I have reviewed this matter and the plea agreement. I agree on behalf of the United
14  States that the terms and conditions set forth are appropriate and are in the best interests of
15  justice.

16                                          MICHAEL BAILEY
                                            United States Attorney
17                                          District of Arizona

18  2-27-20

19  _____               _____
    Date                                   GORDON E. DAVENPORT, III
20                                          Assistant U.S. Attorney

21

22

23

24

25

26

27

28

- 8 -